# Davis *v.* The State.

### Murder.

(Decided June 15, 1916.    Rehearing denied January 4, 1917.
73 South. 369.)

**Charge of Court; Covered by Those Given.**—Under General Acts 1915, p. 815, it is not error to refuse requested instructions which are substantially covered either by instructions given by the court ex mero motu, or at the request of the parties.

APPEAL from Jefferson Criminal Court.
Heard before Hon. WILLIAM E. FORT.
Lethia Davis was convicted of murder in the 2nd degree and she appeals. Affirmed.

RICHARD L. WILLIAMS, for appellant.    W. L. MARTIN, Attorney General and P. W. TURNER, Assistant Attorney General, for the State.

[Davis v. The State.]

McCLELLAN, J.—The appellant was found guilty of murder in the second degree under an indictment charging murder in the first degree. She killed Lilly May Campbell, a 16 year old girl, by cutting her with a knife. The defendant was under the influence of intoxicants at the time; the extent of her intoxication being a matter of dispute in the evidence. The action and orders of the court relating to the arraignment and the constitution of the special venire, as shown by the return of the writ of certiorari, conformed to the law in all respects. The guilt vel non of the defendant was a question for the jury under the evidence. But two rulings on the admission of evidence were questioned on the trial. Both rulings were patently correct.

The court refused nine special instructions requested for defendant. They have all been carefully considered in connection with the evidence before the jury. There was no error committed in the refusal of any one of those requests for instruction. The court gave, at defendant's request, upwards of 20 special instructions. The jury was fully advised of the law governing the case, and that with the utmost favor to the defendant.

The judgment is not affected with error. It is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

### ON REHEARING.

McCLELLAN, J.—It is asserted in the application for rehearing that error underlies the judgment because of the refusal to defendant of special charge 8. That request for instruction was amply covered by special instructions 6 and 7, given to the jury at the instance of the defendant. It is not error to refuse requests for instructions that sustantially duplicate those given by the court ex mero motu, or at the request of the parties.—General Acts 1915, p. 815.

A reconsideration of the action of the court in declining to exclude, on defendant's motion, the very incriminating statement attributed to the defendant by the witness Gardner, confirms our previous view that no error was committed by the court in that regard. The proper predicate was laid; and the inseparable elements of the statement were patently relevant to the issue of the defendant's guilt vel non.

There was no specific ground of objection taken for the defendant to the question propounded to the witness Roberts with

[Alabama Fuel & Iron Co. v. Alabama Fidelity & Casualty Co.]

reference to the defendant's character suggesting the point that the inquiry as to general character should not have included any point of time after the offense was alleged to have been committed. The grounds of objection stated were obviously without merit; the defendant having testified as a witness before Roberts was called to the stand.

A rehearing must be denied.

ANDERSON, C. J. and SAYRE and GARDNER, JJ., concur.